## BUTLER V. REYNOLDS, appellant.

*Evidence — in replevin action — fraud — rescission of contract.*

In a replevin suit, plaintiff had shown that defendant had agreed to give the replevied property, a horse, in exchange for a patent right, and that, after conveying the patent right to defendant, plaintiff had taken the horse from the pasture where it was, after which defendant retook possession. Upon the trial defendant offered to show that the exchange was procured by false and fraudulent representations of plaintiff, and that the conveyance of this patent had been surrendered to plaintiff for the purpose of having a different conveyance covering more territory executed, and was still in his possession. *Held,* that the exclusion of the evidence was error.

APPEAL from an order of the county court of Livingston county denying a new trial, after judgment in favor of plaintiff, Lewis A. Butler, upon a verdict directed by the court in an action originating in a justice's court.

The action was commenced to secure the possession of a black mare claimed by the plaintiff. It was tried before a justice, with a jury, who found a verdict for the plaintiff, that he was entitled to the possession of the property, with nominal damages for its detention. The case was appealed by defendant, Thomas J. Reynolds, to the county court of Livingston county and a new trial had therein.

After the plaintiff had rested, defendant opened his case to the jury and stated in substance that the defendant expected to be able to establish to their satisfaction that these parties had been negotiating for several days for the sale and purchase of a patent right; that to induce the defendant to purchase it, the plaintiff falsely and fraudulently represented to defendant that the invention was very valuable; that he exhibited a list of what he termed orders for said churns, containing some fifteen or sixteen names of residents in Livonia and vicinity, which he falsely and fraudulently represented as genuine; that he stated the machine could be readily furnished for $1.50 each, while the list was for orders at $5; each of which representations were believed to be true by defendant; that such orders were in fact bogus, and the parties named had never ordered any churns of the plaintiff; that said fifteen or sixteen orders were part of the purchase, and were to be delivered by plaintiff to defendant, which he had neglected and refused to deliver on demand, and that plaintiff also agreed to deliver, as part of the purchase, a certain model

of said invention, which he had also neglected and refused to deliver. The defendant further proposed to prove that, after the deed from the plaintiff to the defendant of the patent right had been delivered to the defendant, the defendant and the plaintiff entered into negotiations for the sale by plaintiff to defendant and one Gillett, jointly, of the counties of Wyoming, Genesee and Livingston; that while such negotiations were pending the defendant delivered the deed to the plaintiff for the purpose of having another deed to the said Gillett and the defendant made of the whole territory which was the subject of the new negotiations; that such negotiation fell through and was never consummated, and to claim before the jury that such facts amounted to a rescission of the contract.

The defendant claimed that the contract in which the deed was given was executory, except as to the delivery of the deed; that the delivery of the deed back to the plaintiff under such circumstances amounted to a rescission of such contract.

Before any testimony was given, the plaintiff's counsel moved the court to direct a verdict on the defendant's opening, with which request the court complied, and directed the jury to find a verdict for the plaintiff and assess the value of the property at $40 and the damages for detention thereof at six cents, which the jury accordingly did. To this verdict the defendant's counsel excepted, and, on motion of defendant, all proceedings in the action, until the hearing and decision of a bill of exceptions, or case and exceptions to be prepared and heard by the court, were stayed.

On a motion for a new trial in the county court being denied, defendant appealed to this court.

The proofs in the case showed that the plaintiff and defendant had been negotiating for several days for the sale by the plaintiff to the defendant of a patent right, and finally a deed of an interest in such patent was made out and executed by plaintiff and delivered to defendant; and the defendant, at the same time, agreed to transfer to plaintiff in part payment for such patent right a certain horse, then in the possession of another person, with authority to receive or take the same from the pasture at any time. The horse was subsequently taken into possession by the plaintiff, but, prior to such event, the defendant redelivered said deed to plaintiff under an arrangement by which defendant and one Gillett were to take a deed of three counties, including the one conveyed in this deed, and plaintiff was to make out a new deed to them which would and

was intended to be a substitute for this, and convey the rights sold in this one, together with those for two other counties. The other facts are sufficiently stated in the opinion.

*Adams & Strong*, for appellant.

*H. Decker*, for respondent.

E. DARWIN SMITH, J. The court below erred, I think, in excluding the evidence offered by the defendant's counsel, as stated in his opening and taking the case from the jury.

Assuming that the plaintiff had shown a *prima facie* title to the horse at the time he rested, the defendant was entitled to disprove such title. The court and jury had only heard the plaintiff's version of the transaction attending the sale and delivery of the deed for the patent right and the delivery of the horse, and of the acts of the parties in respect to the rescission of the contract of sale. The defendant's counsel stated a case of the grossest fraud and of false pretenses on the part of the plaintiff in getting possession of said horse. He stated, among other things, that to induce the defendant to make the purchase the plaintiff exhibited to him a list of what he termed orders for said churn, containing some fifteen or sixteen names of residents in Livonia (the place where the contract was made and of the defendant's residence) and its vicinity, which he fraudulently represented as genuine, and that the machine could be readily furnished for $1.50 each, and the list for orders was at $5; that such orders were bogus, and the parties named had never ordered any churn of the plaintiff; that said orders were part of the purchase and were to be delivered by plaintiff to the defendant, which he had neglected and refused to deliver on demand.

The defendant, I think, was entitled to prove these facts in disproof of the plaintiff's title. If he had succeeded in proving the facts stated and offered to be proved, he would have established that the defendant got possession of his horse by the grossest of fraud or felony. Such evidence, if admitted and believed by the jury, would have deprived the plaintiff of all pretense of right or lawful claim to said horse. The horse, before the pretended sale, belonged to the defendant, and was found in his possession at the time of the commencement of the suit. He had claimed him after discovery of the fraud, as he lawfully might do wherever he could find him before

any transfer to a *bona fide* purchaser; and when the plaintiff comes into court to have the horse restored to him, he is bound to show a lawful claim and title to him as against the defendant. He could not recover on his contract of sale or claim of delivery, if they were procured fraudulently and feloniously as between him and the defendant; and the defendant having the possession of the horse could only be divested of him by a superior legal title. He was in possession in fact of his own property.

The evidence given in the case by the plaintiff, taken in connection with the defendant's offer, show enough, I think, to establish, on the part of the defendant, a right to rescind the contract and a rescission in fact by him. If it were necessary to show the return of the deed of the patent right, there was evidence sufficient to go to the jury on the question of its return. It was delivered to plaintiff by defendant and never received back by him, and was proved by the plaintiff to have been in the hands of his counsel on the trial before the justice. But if any thing further was requisite to be done with such deed to effectuate a rescission of the contract, it would be sufficient to produce and restore it at the trial, even if the parties were reversed and the defendant was seeking to recover said horse upon a disaffirmance of the contract of sale. *Nichols* v. *Michael*, 23 N. Y. 267, 273; *Cummings* v. *Perham*, 1 Metc. 555; and *Stevens* v. *Hyde*, 32 Barb. 171.

The judgment should be reversed and a new trial granted in the county court, with costs to abide the event.

*Judgment accordingly.*